No. 18,437.

THE FIRST NATIONAL BANK OF WINFIELD, *Appellee*, v. MILTON A. BANGS et al., *Appellees*, and CAROLINA L. CATON et al., *Appellants*.

No. 18,914.

THE FIRST NATIONAL BANK OF WINFIELD, *Appellee*, v. MILTON A. BANGS et al., *Appellants*.

OPINION ON REHEARING.

Appeals from Cowley district court; CARROLL L. SWARTS, judge. Opinion on rehearing filed May 9, 1914. Former decision adhered to. (For original opinion of affirmance see 91 Kan. 54, 136 Pac. 915.)

*F. C. Johnson, S. C. Bloss,* and *A. M. Jackson,* all of Winfield, for the appellants.

*W. P. Hackney, J. T. Lafferty,* both of Winfield, and *J. Mack Love,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: A rehearing was granted in this case because the court was impressed with the argument of counsel, especially with regard to the hardship which results, in some aspects, from the decision rendered. Upon full consideration, however, we adhere to the

view that the judgment appealed from should be affirmed.

We do not regard the representation that the furniture and fixtures were the property of the minors as an imposition on the probate court. No actual transfer of title had been made to them, but the ownership of A. C. Bangs, and his obligation on the mortgage, were only formal.. The mortgaged chattels were treated as going with the hotel property and belonging to the minors. If a. bill of sale had been made to them the actual situation would not have been very materially changed. The operation undertaken was a funding of the debt against the entire hotel property. It must be regarded in the light of conditions as they then appeared; not as they have subsequently developed. In that view it may well have.been considered expedient, if not absolutely necessary. We do not think there was a failure of jurisdiction even as to the $1800 item.

Upon the other phase of the case, it was said in the original opinion that a guardian may in some circumstances be authorized to make a blanket mortgage upon real estate of which his wards are tenants in common. It has been suggested that the rule as so stated would not apply here, because the minors, being remaindermen only, and having no right of possession, are not covered by the term employed. The phrase "tenants in common" was used as a convenient one, whether technically correct or not, to express the relation of the members of a group, each of whom had an undivided interest in the property.

The former decision is adhered to.